## TEXAS CHALLENGE ACADEMY COUNSELING FORM

### DATA REQUIRED BY THE PRIVACY ACT OF 1974

### PART I - ADMINISTRATIVE DATA

| Name (Last, First, MI)<br>Davis, Michell | Title<br>Food Serv Mgr | Social Security No.<br>N/A | Date of Counseling<br>1JUNE2016 |
|---|---|---|---|
| Organization<br>Texas Challenge Academy-East | | Name and Title of Counselor<br>Lisa Williams, Program Coordinator | |

### PART II - BACKGROUND INFORMATION

**This a performance related counseling.**

- **Failure to provide a valid, unrestricted state driver's license within the allotted time.**

**All staff was given a No Later Than date of 14JAN2016 in order to provide a valid driver's license. Additionally they were given the option to do so while on shift. The state requires all state employees to have a valid license.**

**More importantly, at any time your position may require the driving of cadets off campus for medical emergencies or Service to the Community events.**

**You are required to have a valid, unrestricted driver's license NLT 31DEC2016.**

### PART III - SUMMARY OF COUNSELING
### Complete this section during or immediately subsequent to counseling.

Failure to obtain and/or maintain an unrestricted, valid driver's license puts the Cadets and the Texas ChalleNGe Academy program at risk.

According to the Texas Department of Public Safety, your Occupational Driver's License allows you to drive to and from work. The Texas Military Department, however, mandates that all TCA employees possess a valid, unrestricted license; this is a stricter mandate than that of DPS due to the nature of our work at TCA. However unlikely, it is possible that you could be called upon to transport a Cadet in case of an emergency. A restricted license leaves us vulnerable in case of an accident.

Because it is unlikely that you would be called upon to conduct such transport, Human Resources and the Director of TCA have extended the amount of time typically allowed to get the required license.

**Plan of Action:**
Ms. Davis, the time allotted to obtain a valid, unrestricted Texas Driver's License has been extended until 31DEC2016. You are expected to make monthly payments during this time and provide receipts to this effect. While you are taking steps to get your unrestricted license, you are not to drive any state vehicle or transport Cadets under any circumstances. If, during this time, there is a need to transport food or supplies on behalf of the Chow Hall, you will need to do so in your personally operated vehicle (POV). You will not be reimbursed for mileage.

Once the restrictions on your Texas Driver's License have been lifted, you will be allowed to transport Cadets and drive state vehicles as needed.

**Session Closing**

Individual counseled:       I agree / disagree with the information above

 Individual counseled remarks:

Signature of Individual Counseled: Michell Davis     Date: 6.1.16

**Leader Responsibilities**: (Leader's responsibilities in implementing the plan of action):

Signature of Counselor: Lisa R Williams     Date: 1 June 16

**PART IV - ASSESSMENT OF THE PLAN OF ACTION**

**Assessment:**

Counselor: _____     Individual Counseled:_____     Date of Assessment: _____

**Note: Both the counselor and the individual counseled should retain a record of the counseling.**

TCA FM 3082 (Reverse)


clearly states that they have 45 days to send me a photo copy of the license...they do not grant me the license that was done by the Judge and they are valid for one year..I sent the 10 dollars to DPS and a copy of my insurance per the Judge to obtain a copy I have no control of when the actual license will come in however I was granted these license for one year.

  I don't know what is expected of me to do in 2hrs notice when I provided both forms of the process to you...it was unclear what the consequences are by not meeting this time frame I am left to assume my status with TCA because my deadline has expired per this email..

Sent via the Samsung Galaxy Note® 4, an AT&T 4G LTE smartphone

-------- Original message --------




Hide details

From:    Sandra Flowers
         flowerssandra301@gmail.com

To:      keith.mccall@military.texas.gov

Date:    May 5, 2016, 6:53 AM

Here are my phone records after I got off the phone
with Rocha I immediately called you there was 3
conversations one cancelling the cadre meeting then
the two phone calls about my license...so I am
Shocked that you are telling me he called the next day
stating I failed to communicate what was going on
with me trying to resolve this issue. When you told me
to I did exactly that and Rocha assured me I was not
being fired and I went to work...its clear this was not
the case yet he lied to me ...the Retaliation is evident
he clearly used this opportunity to get rid of me and to
lie to me about my status with TCA it was intentional
and planned..I was definitely targeted and I expressed
this to you multiple times yet it never effected me
doing my job for if all you could come up with is me
not in compliance with a minimum requirement of
drivers license when I am doing all to get it and I'm on
nightshift not even driving a state vehicle is not only
petty it is vindictive with all the issues other cadre has
done and they are still employed. I guess the safety of
the cadets is less important than me having a license..



 Sandra I spoke with the HR Director concerning your issue. The bottom line up...

**Sandra Flowers** 
to Keith
May 5 View details

I understand your position but that four months is not accurate and just like you stated I am no longer an employee so I will follow up with a wrongful termination suit ..thanks again for your help

Show quoted text

 **Keith McCall** 
to me
May 5 View details

Good luck Ms. Flowers.

Keith

Page 11

Issue Decision Log

SSN: **XXX-XX-0233**       **SANDRA D FLOWERS**
Case Nbr: **17**
Issue Nbr: **1**       of: **1**       Type: **FIRED**       Reason: **PROTECTION OF DRIVING RECORD**

Program: **REG**       Claim ID: **2016-05-01**       Claim Type: **IC**   Claim Dt: **05-01-2016**

LEU: **99-998051-1**   **TEXAS MILITARY DEPARTMENT**
Late LEU Response: **N**       Interested Party: **Y**               Charged: **No**

Other Employer:

|  |  |  |  |
|---|---|---|---|
| Decision Date: | **05-25-2016** | Weeks Disqualified: | |
| Mailed Date: | **05-26-2016** | Deductible Amount: | |
| Begin Date: | **05-01-2016** | State: | |
| End Date: | | Incident Date: | |
| Claimant Failed to Respond: | **N** | | |

Qualified:   **N**

Rationale: **STMTS CONFLICT; EMPL GAVE CLMT SUFFICIENT TIME TO     OBTAIN DRIVER'S LICENSE AND CLMT FAILED TO OBTAIN     DRIVER'S LICENSE; PROVES TO BE MISCONDUCT.**

Conclusion: **FIRED- PROTECTION OF DRIVERS LICENSE/DRIVING RECORD- DISQUALIFIED**


I spoke with the HR Director concerning your issue.

The bottom line up front is that:

1.  The agency does not have a grievance policy.

**Which I did and I sent him email & phone records to prove it**



    a.  The issues that you had with Rocha should've been addressed prior to your termination.

2.  According to your termination packet, you were given up to 4 months to provide a valid license. Having a valid driver's license is a condition of employment.

3.  Unfortunately, I cannot advise you any further since you are no longer an employee.

Very Respectfully,

Keith M. McCall

HR Specialist



Team Leader Flowers, Sandra Probationary counseling

12/1/2015
Conducted by TLIC Wilson

II.

1. Understands and knows duties/SOP's that of a TL, has limited knowledge of TCA TL duties that will come with time and grade.
2. Achieves duties that are assigned directly, but tends to defer of scheduled times and planned events. i.e. counseling with cadets
3. Understands instructions clearly, but needs be aware of the dynamic role we play, and there isn't black and white answers for all question. Practice using best judgments and knowledge.
4. Take most things personal, or views them as being attacked and singled out.
   a. Constructive criticism is a point, leadership has seen as an area for much needed improvement.
5. Stems back to #4, feeling being personally attacked. Duty assignments are given and in place for a reason, if a behavior is corrected, it's just that, a correction and move forward.
   a. Ex. Being in assigned area, verbiage, time hacks, duty hours
6. No crisis have happened thus far, but in a time a crisis you are expected to be cool, calm and collected.
7. Constructive criticism is a main focal point on this area, we have areas in which we can improve on, but if you take the criticism as being attacked and not as areas to improve we cannot grow as individuals or a team. At times, you have taken the advice of others and applied to the daily functions at TCA.
8. There hasn't been an incident that leads me to question your integrity, but trust is built over time.
9. *I dont agree with the probation extension Because of several reasons*
   *I have maintained consistency as far as my job duties state. I have been asked to change hair color, hair styles, eye glasses amongst other things I've been told to → OVER*
10.
    a. 3 improves: *1.* Willingness to accept responsibility – no justifications ( self-ownership) *2.* Receptive to constructive criticism as a good thing and using it a learning point. *3.* Punctuality
    b. 3 sustains: *1.* Firmness *2.* Maintaining and keeping the standards with all cadets. *3.* The caring factor.

Your probationary period has been extended for a additional **3** months based on your performance and recommendations from the leadership.

Course of Action (COA)

- 30 day mark- Continuous punctuality to the TCA- East program
- 60 day mark- Have shown clear acceptable acceptance to constructive   criticism
- 90 day mark- Being punctual to all shifts, accepting responsibility for any/   shortcomings and taking any/all advice for what it's worth to improve individually and as a team.

*I dont agree with this ~~extended~~ SF (extended period)*

to back off and not call out cadets and etc.
Even when I felt I was right and disagreed
I still made changes. Even when SOP changed
and I have had to change standards I
did because the rules ie: chow hall, talking
etc. I honestly feel that I am being targeted
at times because of who I am and how I
may rub people wrong and they use it to
complain and it feels onesided because
on a couple of issues no-one ever asked
Me what happen I will Not appologize for
who I am etc and I know my shortcomings
but those who complain about Flowers
don't even know Flowers. But I am a
Team Player and a Team Leader and
just because I speak out I am misunderstood
but it is what it is and it wont stop
me from doing the job I was hired to
do. At the end of the day I'm here to
work with the kids and I wont let this
stop me from doing just that

Sandra Flowers
Dec 1, 2015

# ADJUTANT GENERAL'S DEPARTMENT OF TEXAS
## EMPLOYEE PERFORMANCE APPRAISAL

## I. IDENTIFICATION DATA

| 1. LAST NAME, FIRST NAME, MI | 2. SSN | 3. GROUP | 4. TITLE | 5. REASON FOR REPORT |
|---|---|---|---|---|
| Flowers  Sonora | | | Team Leader | Probationary |

| 6. SECTION/BRANCH/DIRECTORATE/OFFICE | 7. PERIOD OF REPORT |
|---|---|
| Texas ChalleNGe Academy | FROM: 06/2015   TO: 12/2015 |

## II. PERFORMANCE QUALITIES

**1. HOW MUCH DOES EMPLOYEE KNOW ABOUT ASSIGNED DUTIES?** (Consider whether employee has the technical "know-how"; knows what to do; knows required steps.)

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | | ☐ | | ☐ | ☐ | ☐ | ☐ | ☐ |

| 1 | 4 | 7 | 10 |
|---|---|---|---|
| Knows only the routine duties. Making present duties difficult. | Knows all routine duties. Possess extensive knowledge of more complex duties. | Has mastered all duties with knowledge of related positions. | Has mastered all duties with extensive knowledge of related positions. Authority in his/her field. |

**2. HOW WELL DO EMPLOYEE ACCOMPLISH ASSIGNED DUTIES?** (Consider whether employee is a careful worker, checks work accomplished.)

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☒ 3 | | ☐ | | ☐ | ☐ | ☐ | ☐ | ☐ |

| 1 | 4 | 7 | 10 |
|---|---|---|---|
| Needs pushing but completes most routine duties satisfactorily. | Completes all assigned duties in a timely and satisfactory manner. | Produces very high quantity and quality of work. Can be depended on to get the job done. | Extremely efficient. Completes all duties in an outstanding manner. |

**3. HOW WELL DOES EMPLOYEE UNDERSTAND INSTRUCTIONS?**

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | | ☐ | ☒ 5 | ☐ | ☐ | ☐ | ☐ | ☐ |

| 1 | 4 | 7 | 10 |
|---|---|---|---|
| Understands, simple instructions. Hesitates to ask for clarification. | Understands instructions when given in detail. Asks questions when in doubt. | Correctly interprets rather difficult instructions. Needs no help. | Understands all instructions. Needs no help. |

**4. HOW WELL DOES EMPLOYEE GET ALONG WITH OTHERS?** (Consider ability and willingness to work in harmony for and with others.)

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☒ 2 | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| 1 | 4 | 7 | 10 |
|---|---|---|---|
| Has difficulty in getting along with others. Sometimes creates friction. | Pleasant to work with. Promotes harmony. | Consistently works in harmony with others. An excellent team worker. | Develops good "team" feeling. Outstanding ability to promote harmony. |

**5. HOW WELL DOES EMPLOYEE ACCEPT RESPONSIBILITY?** (For own actions the objectives of subordinates, and the objectives of the Adjutant General's Department.)

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☒ 2 | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| 1 | 4 | 7 | 10 |
|---|---|---|---|
| Accepts most responsibility, but must be specifically assigned. | Accepts all responsibilities and assumes added responsibilities when offered. | Assumes full responsibility for all objectives. Often seeks out added responsibilities. | Assumes full responsibilities for all objectives and actively seeks out added responsibilities. |

JFTX-FS 8   FEB 07

Replaces AGTX-FS 8 which is obsolete

Page 1 of 3

**6. HOW WELL DOES EMPLOYEE MAINTAIN STABILITY IN A CRISIS?** (Degree of emotional strength necessary to do the job.)

| Can function on routine jobs, but gets rattled in a crisis. | | | Keeps calm in the kind of crisis to be expected in the job. | | | Stays calm in an unexpected crisis, and has the ability to help others to stay calm. | | | Remains calm in a crisis and inspires calm in others. When possible, turns a crisis situation into a learning experience. |
|---|---|---|---|---|---|---|---|---|---|
| □ 1 | □ 2 | □ 3 | □ 4 | ☑ 5 | □ 6 | □ 7 | □ 8 | □ 9 | □ 10 |

**7. HOW WELL DOES EMPLOYEE TRY TO ACHIEVE PROFESSIONAL GROWTH?** (Ability to keep abreast of developments in their specialty field through directives, conferences, or workshops to enhance growth.)

| Is aware of development in their field, but does not put into practice what is learned limiting professional growth. | | | Keeps abreast of developments in their field and uses knowledge to enhance professional effectiveness. | | | Keeps abreast of developments in their field and uses knowledge to enhance professional development. Shares new knowledge with others. | | | Keeps abreast of developments in their field and uses knowledge. Shares knowledge through teaching others. |
|---|---|---|---|---|---|---|---|---|---|
| □ 1 | □ 2 | □ 3 | ☑ 4 | □ 5 | □ 6 | □ 7 | □ 8 | □ 9 | □ 10 |

**8. HOW TRUSTWORTHY IS THE EMPLOYEE?** (When entrusted with information whose disclosure could be detrimental to individuals and/or the Adjutant General's Department.)

| Appreciates value of security of information concerning records and personnel reflecting adverse actions. Although infrequently, gossip with other employees. | | | Acts responsibly when entrusted with information gathered in the course of work and understands the criteria for dissemination of information. | | | Understands implications and importance of acting responsibly. When entrusted with information whose unauthorized disclosure could be detrimental to individuals or the AGD. | | | Exceptionally trustworthy in regard to security whose disclosure could be detrimental to individuals or the AGD. |
|---|---|---|---|---|---|---|---|---|---|
| □ 1 | □ 2 | □ 3 | □ 4 | □ 5 | ☑ 6 | □ 7 | □ 8 | □ 9 | □ 10 |

**9. COMMENTS BY APPRAISER:**

※ comments on second page

**10. COMMENTS BY REVIEWER:**

| | SIGNATURE | TITLE | DATE |
|---|---|---|---|
| APPRAISER | Sandra Flowers | Program Coordinator | |
| EMPLOYEE* | Sandra Flowers | Team Leader | Dec 4, 2015 |
| REVIEWER | | Program Director | |

* Employee's signature on this form indicates only that the appraisal has been discussed with the supervisor. It does not constitute agreement with the appraisal.



Sandra Flowers

Edit Profile

Your Posts

Language

**FAVORITES**

**News Feed**

Messages

Events

Saved

Sale Groups

**GROUPS**

FOR SALE: EAGLE..

Polly's Porch

Discover Groups

Create Group

**FRIENDS**

Close Friends

Family

Eagle Lake, Texas...

Rice High School

**APPS**

Live Video

Games

On This Day

FarmVille 2

Photos

Suggest Edits

Pokes

Panda Pop

Games Feed

**INTERESTS**

Pages and Public...

**EVENTS**

Paparrazi Flash Sale

Create Event

Photo/Video   Photo Album

Public   Post

12 pt  **B**  *I*  U

------- Original message -------
From: Tina Cinadr <tcinadr@riceisd.org>
Date: 4/19/2016 9:20 AM (GMT-06:00)
To: Sandra Flowers <sflowers@riceisd.org>
Subject: Occupational Drivers License

Good Morning Ma'am,

We will need you to bring in your occupational driver's license no later than 12:00 noon today. Thank you

**Tina Cinadr**

**Administrative Assistant**

**Texas Challe*NG*e Academy – East**

**979-234-3531 ext: 2019**

vill be teach cycling

ım only cycling but we egs to get right for the tart next Monday 27

g for a spin class

other people in separate messages.

Like Page

Get the Samsung Galaxy J3 for $0 down on AT&T Next.

Sandra Flowers

Edit Profile

Your Posts

Language

**FAVORITES**

**News Feed**

Messages

Events

Saved

Sale Groups

**GROUPS**

FOR SALE: EAGLE..

Polly's Porch

Discover Groups

Create Group

**FRIENDS**

Close Friends

Family

Eagle Lake, Texas...

Rice High School

**APPS**

Live Video

Games

On This Day

FarmVille 2

Photos

Suggest Edits

Pokes

Panda Pop

Games Feed

**INTERESTS**

Pages and Public...

**EVENTS**

Paparrazi Flash Sale

Create Event

Photo/Video     Photo Album



Public     Post

flowerssandra301@gmail.com

To:   Keith McCall
      keith.mccall@military.texas.gov

Date:  May 25, 2016, 6:37 AM

vill be teach cycling

Where in this email do you see any reference to the  m only cycling but we
status of Michelle Davis drivers license nowhere right egs to get right for the
yet tca program director Lisa Williams told her and  tart next Monday 27
others who had to run out and get their license
yesterday that they can blame me because I called
Austin to report it..I am no longer a tca employee so
for to set the record straight anyone who's license wa
not up to date at the time I was let go should have
been let go with me and there was FIVE of them checl
the dates on when those in compliance now got it
compliance after I said something but at the time they
let me go I wasn't retaliated against..and Mayhew       ng for a spin class
drove a cadet to Airport and her best friend superviso
Dani Bowman knew she didn't have a license and still
don't...can't backtrack now because no action was
against them was even being considered until I didn't
just go away I made a complainant now everyone is
being targeted...seriously Mrs Williams needs to stop
blaming me for their witch hunt against me that is
backfiring in their face...they wanted me gone and
they succeeded but they failed to make sure that it     .T.
was done Fairly can't hold one accountable and let
others slide its a UNFAIR practice especially after I
informed you I was working in a hostile environment
and needed and wanted mediation..

other people in separate messages

Like Page

Get the Samsung Galaxy J3 for $0 down on AT&T Next.







Sandra Flowers

 **Sandra Flowers** 
to Keith
May 23 View details

Its funny how Rachel Mayhew has a suspended
license out of New York and can't get a Texas license
been here since November but they trying to help her
keep her job I know you can't talk with me but I just
want you to know when I said they were after me I was
telling the truth ..but thats the same bff friend that is
her supervisor who knew she didn't have a license
when she took her to dmv in January in the tca car..so
I know its a record of it...and here we are in May we
both should have had the same deadline and maybe
the Director should have called her Chief of Police to
see if she was legal to drive like she did me..

Hide quoted text

Received.

Keith

Page 122

Facebook

Sandra Flowers

Edit Profile

Your Posts

Language

**FAVORITES**

**News Feed**

Messages

Events

Saved

Sale Groups

**GROUPS**

FOR SALE: EAGLE..

Polly's Porch

Discover Groups

Create Group

**FRIENDS**

Close Friends

Family

Eagle Lake, Texas...

Rice High School

**APPS**

Live Video

Games

On This Day

FarmVille 2

Photos

Suggest Edits

Pokes

Panda Pop

Games Feed

**INTERESTS**

Pages and Public...

**EVENTS**

Paparazzi Flash Sale

Create Event

Photo/Video    Photo Album



Public      Post

**From:** Sandra Flowers
[mailto:flowerssandra301@gmail.com]
**Sent:** Tuesday, May 03, 2016 11:53 AM
**To:** Keith McCall <keith.mccall@military.texas.
gov>
**Subject:**

vill be teach cycling

)m only cycling but we
egs to get right for the
tart next Monday 27

I sincerely feel that I was wrongfully terminated due to
the fact that I made every effort to get in
compliance..when I received the email from Trey
Rocha requesting that I had until 12:00 noon to
produce the requested documents I responded by two
phone conversations and a email..I asked specifically
was I being terminated he assured me this was not
the case yet a week later I was..the Judge who issued
me the occupational license stated he would provide a
letter stating I have done all I needed and the holdup
from Austin was not my fault or under my control...I
felt since I have made several complainants to Austin
about being treated unfairly I would be retaliated on it
is why I had asked for mediation yet I received a
termination letter..I have enclosed the email and I had
two conversations with Rocha when I got the email...I
could understand if I had done nothing once this was
an issue but I have done all I can to get in compliance
and I still got terminated.
Sandra Flowers

ng for a spin class

.T.

Like Page

Get the Samsung Galaxy J3 for $0 down on AT&T Next.







**From:** Sandra Flowers
[mailto:flowerssandra301@gmail.com]
**Sent:** Tuesday, May 03, 2016 11:53 AM
**To:** Keith McCall <keith.mccall@military.texas.gov>
**Subject:**

I sincerely feel that I was wrongfully terminated due to the fact that I made every effort to get in compliance..when I received the email from Trey Rocha requesting that I had until 12:00 noon to produce the requested documents I responded by two phone conversations and a email..I asked specifically was I being terminated he assured me this was not the case yet a week later I was..the Judge who issued me the occupational license stated he would provide a letter stating I have done all I needed and the holdup from Austin was not my fault or under my control...I felt since I have made several complainants to Austin about being treated unfairly I would be retaliated on it is why I had asked for mediation yet I received a termination letter..I have enclosed the email and I had two conversations with Rocha when I got the email...I could understand if I had done nothing once this was an issue but I have done all I can to get in compliance and I still got terminated.
Sandra Flowers

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Sandra D. Flowers
504 E Union
Eagle Lake, TX 77434

From: Houston District Office
Mickey Leland Building
1919 Smith Street, 7th Floor
Houston, TX 77002

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2016-34313 | Samantha Salazar, Investigator | (713) 651-4965 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

- [ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

- [ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

- [ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

- [ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

- [X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

- [ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

- [ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission:

Rayford O. Irvin,
District Director

MAY 2 5 2017

(Date Mailed)

Enclosures(s)

cc: Sonya J. Batchelor
General Counsel
Texas Military Department
P.O. Box 5218
Austin, TX 78763

TWC - Civil Rights Division
101 East 15th St., Room 144T
Austin, TX 78778

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**the Genetic Information Nondiscrimination Act (GINA), or the Age**
**Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date.**  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the charge.  Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than** <u>2 years (3 years)</u> **before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request** <u>within 6 months</u> **of this Notice.**  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other Information before completing this form. | ☐ FEPA ☒ EEOC | 846-2016-34313 |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Sandra D. Flowers** | **(979) 574-4930** | **02-01-1961** |

| Street Address | City, State and ZIP Code |
|---|---|
| **504 E Union** | **Eagle Lake, TX 77434** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **TEXAS MILITARY DEPARTMANT** | **15 - 100** | **(512) 465-5001** |

| Street Address | City, State and ZIP Code |
|---|---|
| **P. O. Box 5218** | **Austin, TX 78763** |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*

☐ RACE ☒ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN

☒ RETALIATION ☒ AGE ☐ DISABILITY ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

**DATE(S) DISCRIMINATION TOOK PLACE**

| Earliest | Latest |
|---|---|
| **05-02-2016** | **05-02-2016** |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I.  On May 2, 2016, I was notified that my employment as a Team Leader was terminated allegedly for "violation of a condition of [my] employment to maintain a valid Driver License." I was informed that I also would not be eligible for rehire in the same or similar position. However, I had previously notified management that I was waiting for Austin to process my paper work, but to no avail. I believe my termination was in retaliation for my reporting a hostile working environment. Additionally, unlike others, I was not allowed the opportunity to resign.

II. I believe I have been discriminated against because of my age (55), in violation of The Age Discrimination in Employment Act of 1967, as amended, and color, in violation of Title VII of the Civil Rights Act of 1964, as amended. I further believe I have been retaliated against for engaging in a protected activity, in violation of the aforementioned statutes.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| *23 Aug 16*    *Sandra Flowers* Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

RECEIVED 16 AUG 25 PM 1:37 EEOC DISTRICT OFFICE

Appeal Tribunal
Texas Workforce Commission
101 East 15TH Street, Room 410
Austin TX 78778-0001

SANDRA D FLOWERS
504 E UNION ST
EAGLE LAKE TX  77434-1455

 

# Texas Workforce Commission
## Appeal Tribunal

**TWC Building**
**Austin, Texas 78778**
**07-25-2016**

Date Mailed

CLAIMANT:

| | |
|---|---|
| SANDRA D. FLOWERS | |
| 504 E UNION ST | |
| EAGLE LAKE TX  77434-1455 | |

| | |
|---|---|
| **Appeal No.** | 2061753-1-2 |
| **S.S. No.** | XXX-XX-0233 |
| **I. C. Date** | 05/01/2016 |
| **Appeal Filed By:** | Claimant |
| **Date Appeal Filed:** | 06/09/2016 |

**Notice:** The attached decision of the Appeal Tribunal will become final unless, within **FOURTEEN (14) DAYS** after the date mailed, further action is taken in accordance with the instructions contained in this decision. The last day on which you may file an appeal is **08-08-2016**. This date takes into account any official Texas State or Federal holiday which would extend the appeal time limit.

**Appearances:**     **See Page 2**

EMPLOYER:     PI: _X__   NPI: ____     Account No. _99-998051-1_

| | |
|---|---|
| TEXAS MILITARY DEPARTMENT | |
| DEPT 401 | |
| % DANETTE MCWILLIAMS | |
| PO BOX 5218 | |
| AUSTIN TX  78763-5218 | |

**A-1ATEX (907) DATES ARE SHOWN AS MONTH, DAY, & YEAR.**

| Date/Location | For Claimant | For Employer |
|---|---|---|
| 06/27/2016<br>Telephone | SANDRA FLOWERS | AMANDA FLETCHER,<br>Human Resources Specialist |
| | | KEITH MCCALL,<br>Human Resources Specialist |
| | | SHELIA TAYLOR,<br>Director of Human Resources |
| | | GONZALO ROCHA,<br>Commandant |
| 07/18/2016<br>Telephone | SANDRA FLOWERS | AMANDA FLTECHER,<br>Human Resources Specialist |
| | | GEORGE ADAMS,<br>Human Resources Specialist |
| | | KEITH MCCALL,<br>Human Resources Specialist |
| | | SHELIA TAYLOR,<br>Director of Human Resources |
| | | LAUREN SCHULMAN,<br>Program Director |

**CASE HISTORY:** A determination dated May 26, 2016 disqualified the claimant under Section 207.044 of the Texas Unemployment Compensation Act because the claimant was discharged from the last work due to misconduct connected with the work. The no payment period began May 1, 2016 and continues until the claimant returns to employment and either works for six weeks or earns wages at least equal to six times the claimant's weekly benefit amount. The claimant appealed.

The employer will not be billed.

**ISSUES:** The issues in this case include:

Whether the claimant separated from the last work as a result of a discharge based on work-connected misconduct or a voluntary quit without good work-connected cause.

Whether benefits paid to the claimant which are based on wages from this employer shall be billed to the employer.

**FINDINGS OF FACT:** Prior to filing an initial claim for unemployment benefits with the effective date of May 1, 2016, the claimant last worked from June 1, 2015, through May 2, 2016, as a specialist for the named employer, the Texas Military Department.

As part of the claimant's job duties, the claimant was required to have a valid drivers license. In January, 2016, the employer conducted an audit and discovered that several of its employees did not have a valid driver license, including the claimant. For unknown reasons, the only employee that the employer addressed at the time concerning the driver license was the claimant.

On February 12, 2016, the claimant received a written warning because she did not provide the employer with a copy of her valid driver license. The employer gave the claimant until March 14, 2016, to provide a driver license. At this point, the claimant realized that she was not eligible to drive because there was an outstanding citation. The claimant decided to apply for an occupational driver license, instead of paying the fine, because the claimant did not believe that she was guilty of the offense.

The claimant filed a petition for an occupational driver license and on March 3, 2016, the justice of the peace court issued the claimant an order granting the occupational driver license. The court did not require the claimant to have SR22 insurance prior to issuing the order and failed to advise the claimant that she needed to obtained SR22 insurance to obtain the occupational license from the Texas Department of Public Safety. The order granting the occupational driver license was valid for 45 days after it was granted, without the occupational license from the Texas Department of Public Safety. When the claimant learned that she needed to provide proof on SR22 insurance to the Texas Department of Public Safety she advised the employer. The claimant was in the process of getting the required items to get her occupational driver license when she was discharged.



There were other employees who did not have a valid driver license during the same time period as the claimant, but they were not discharged by the employer.

**CONCLUSIONS:** Section 207.044 of the Act provides that an individual who was discharged for misconduct connected with the individual's last work is disqualified for benefits until the individual has

Case 4:17-cv-02704 Document 1-1 Filed in TXSD on 09/05/17 Page 25 of 27

returned to employment and worked for six weeks or earned wages equal to six times the individual's benefit amount.

The following decision has been adopted as a precedent by the Commission in Section **MC 45.40** of the Appeals Policy and Precedent Manual.

> Appeal No. 3139-CA-75. The claimant was discharged because a check which he had given to one of the employer's customers (with whom the claimant normally did business) was dishonored by the bank. This happened because the claimant's estranged wife had, without the claimant's knowledge, drawn money out of his bank account. The claimant promised to make the check good but, through error, the matter was referred to the district attorney before he could do so. Although the claimant promptly sent a money order for the amount in question to the district attorney, as the latter had instructed him to do, he was discharged. HELD: Since the claimant had acted promptly and in good faith to correct the situation, he was found not to have been guilty of misconduct connected with the work.

The following decision has been adopted as a precedent by the Commission in Section **MC 390.20** of the Appeals Policy and Precedent Manual.

> Appeal No. 87-10609-10-061987. The claimant, but not the co-worker, was fired after the two yelled and cursed each other in front of customers. The co-worker had initiated the yelling. HELD: Because the employer did not discharge the co-worker who started the argument, the claimant must have been discharged for reasons other than misconduct connected with the work. No disqualification under Section 207.044.



The above referenced precedents are applicable in the present case. The first precedent stands for the proposition that if an employee acts in good faith to correct a situation, then the conduct may not constitute misconduct connected with the work. The second precedent holds that an employer must administer disciplinary actions on a fair and equitable basis amongst its employees.



In the present case, the claimant was in the process of obtaining an occupational license from the Texas Department of Safety at the time she was discharged. She had already obtained the order from the court, and was delayed because she was not provided the proper information from the court. Since she had not had a valid driver license since she began work and since she was in the process of getting it, it seems that the employer should have given her additional time to obtain it, instead of discharging her. Furthermore, there were other employees who did not have a valid driver license and they were treated more favorably than the claimant, and were still working at the time the claimant was discharged.

In light of the above referenced precedents and the facts in this case, the Appeal Tribunal finds that the evidence does not establish misconduct connected with the work. Therefore, it is concluded the claimant was discharged for reasons other than misconduct connected with the work. The claimant is not to be disqualified under Section 207.044 of the Act. The determination dated May 26, 2016, which disqualified the claimant for benefits beginning May 1, 2016 under Section 207.044 of the Act, will be reversed.

Section 201.012 of the Act defines misconduct to mean mismanagement of a position of employment by action or inaction, neglect that jeopardizes the life or property of another, intentional wrongdoing or malfeasance, intentional violation of a law, or violation of a policy or rule adopted to ensure the orderly

work and the safety of employees, but does not include an act in response to an unconscionable act of an employer or superior.

Section 205.013 of the Act provides that at the end of each calendar quarter the Commission shall bill each reimbursing employer for an amount equal to the amount of the regular benefits plus one-half (1/2) of the amount of the extended benefits paid during such quarter which are attributable to service in the employ of such employer, except that a state, a political subdivision of a state, or any instrumentality of any states or political subdivisions of a state, that is a reimbursing employer shall pay 100 percent of the extended benefits paid, and reimbursements shall be paid by the reimbursing employer to the Commission.

Since the employer is a reimbursing employer and also a base period employer, Section 205.013 of the Act requires that any benefits paid to the claimant which are attributable to service with this employer be billed to this employer.

**DECISION:** The determination dated May 26, 2016, which disqualified the claimant for benefits beginning May 1, 2016 under Section 207.044 of the Act, is reversed.

The employer will be billed.

L. LYNCH
Hearing Officer

 

# Texas Workforce Commission
## Appeal Tribunal

## INSTRUCTIONS

IF YOU WISH TO REQUEST A REVIEW OF THIS CASE BY THE COMMISSION, YOU MAY FILE AN APPEAL BY WRITING DIRECTLY TO **COMMISSION APPEALS, TWC BUILDING RM 678, 101 E. 15TH STREET, AUSTIN, TX 78778**, FAXING TO **512-475-2044**, OR ONLINE AT **www.texasworkforce.org/uiappeal** (CLAIMANTS) OR **www.texasworkforce.org/uiappealemployer** (EMPLOYERS).   YOUR APPEAL MUST BE WITHIN **FOURTEEN (14)** DAYS FROM THE DATE THIS DECISION WAS MAILED TO YOU.  PLEASE INCLUDE IN YOUR APPEAL:  THE CLAIMANT'S SOCIAL SECURITY NUMBER, THE APPEAL NUMBER, AND DATE DECISION MAILED.

IF YOU DID NOT APPEAR AND OFFER EVIDENCE AT THE HEARING BEFORE THE APPEAL TRIBUNAL, YOU MAY REQUEST A NEW HEARING IF YOU WISH TO CONTEST THIS DECISION AND IF YOU HAVE GOOD CAUSE FOR YOUR NONAPPEARANCE. YOU MAY FILE A REQUEST BY WRITING DIRECTLY TO **APPEAL TRIBUNAL, TWC BUILDING RM 406, 101 E. 15TH STREET, AUSTIN TX 78778**, FAXING TO **512-475-1135**, ONLINE AT **www.texasworkforce.org/uiappeal** (CLAIMANTS) OR **www.texasworkforce.org/uiappealemployer** (EMPLOYERS), OR YOU MAY HAVE A FORM COMPLETED AT ANY LOCAL COMMISSION OFFICE.  YOUR REQUEST MUST GIVE THE REASONS WHY YOU WERE NOT ABLE TO APPEAR AND MUST BE WITHIN **FOURTEEN (14)** DAYS FROM THE DATE THIS DECISION WAS MAILED TO YOU.  PLEASE INCLUDE IN YOUR REQUEST:  *THE CLAIMANT'S SOCIAL SECURITY NUMBER, THE APPEAL NUMBER, AND DATE DECISION MAILED.*

IF THE **FOURTEENTH (14)** DAY FROM THE DECISION MAILING DATE FALLS ON A TEXAS STATE OR FEDERAL HOLIDAY, THE TIME LIMIT FOR FILING A REQUEST FOR A NEW HEARING OR AN APPEAL WILL BE EXTENDED THROUGH THE NEXT WORKING DAY.  ANY REQUEST FOR A NEW HEARING OR APPEAL MADE PRIOR TO THE DATE THIS DECISION WAS MAILED WILL NOT BE TREATED AS A PROPER AND TIMELY REQUEST FOR REHEARING OR APPEAL FROM THIS DECISION.

IF YOU FAX YOUR APPEAL OR PETITION TO REOPEN, TWC MUST RECEIVE IT NO LATER THAN 14 DAYS FROM THE DATE THE DECISION WAS MAILED.

IF YOU FILE YOUR APPEAL BY FAX, YOU SHOULD RETAIN YOUR FAX CONFIRMATION AS PROOF OF TRANSMISSION.

IF YOU FILE YOUR APPEAL ONLINE, YOU SHOULD RETAIN YOUR CONFIRMATION AS PROOF OF SUBMISSION.

TWC WILL USE THE DATE WE RECEIVE THE FAX OR THE DATE THE ONLINE APPEAL WAS SUBMITTED TO DETERMINE WHETHER YOUR APPEAL IS TIMELY.

## INSTRUCCIONES

EN CASO DE QUERER SOLICITAR A LA COMISION UNA REVISION DE LA PRESENTE CAUSA, SE PUEDE APELAR ESCRIBIENDO DIRECTAMENTE A LA SIGUIENTE DIRECCION **COMMISSION APPEALS, TWC BUILDING RM 678, 101 E. 15TH STREET, AUSTIN, TX 78778** O MANDANDO POR FAX AL **512-475-2044** O EN LINEA EN **www.texasworkforce.org/uiappeal**.  LA APELACION DEBE INTERPONERSE DENTRO DE UN PLAZO DE **CATORCE (14)** DIAS SUBSIGUIENTES A LA FECHA DE ENVIO DE LA PRESENTE RESOLUCION.  SIRVASE INCLUIR EN SU APELACION EL NUMERO DE SEGURO SOCIAL DEL/DE LA RECLAMANTE, EL NUMERO DE LA APELACION Y LA FECHA DE ENVIO DE LA RESOLUCION.

EN CASO DE NO HABER COMPARECIDO PARA OFRECER PRUEBAS EN LA AUDIENCIA ANTERIOR Y DE QUERER IMPUGNAR LA RESOLUCION, Y SI HA TENIDO UNA CAUSA JUSTIFICADA PARA NO COMPARECER, PUEDE SOLICITAR UNA NUEVA AUDIENCIA, ESCRIBIENDO DIRECTAMENTE A LA SIGUIENTE DIRECCION **APPEAL TRIBUNAL, TWC BUILDING RM 406, 101 E. 15TH STREET, AUSTIN, TX 78778**, MANDE POR FAX AL **512-475-1135**, EN LINEA A **www.texasworkforce.org/uiappeal** O LLENANDO EL FORMULARIO CORRESPONDIENTE EN CUALQUIER OFICINA LOCAL DE LA COMISION.  DICHA SOLICITUD, EN LA QUE HAY QUE INDICAR POR QUE MOTIVO(S) NO PUDO COMPARECER, DEBERA PRESENTARSE DENTRO DE UN PLAZO DE **CATORCE (14)** DIAS SUBSIGUIENTES A LA FECHA DE ENVIO DE LA PRESENTE RESOLUCION.  SIRVASE INCLUIR EN SU APELACION EL NUMERO DE SEGURO SOCIAL DEL/DE LA RECLAMANTE, EL NUMERO DE LA APELACION, Y LA FECHA DE ENVIO DE LA DECISION.

EN CASO DE QUE EL DECIMOCUARTO (CATORCEAVO) DIA SUBSIGUIENTE A LA FECHA DE ENVIO DE LA RESOLUCION, CAIGA EN UN DIA OFICIALMENTE FERIADO EN EL ESTADO DE TEJAS O EN EL PAIS DE LOS ESTADOS UNIDOS, SE PRORROGARA EL PLAZO PARA APELAR O SOLICITAR NUEVA AUDIENCIA PARA INCLUIR EL PROXIMO DIA LABORABLE.  TODA SOLICITUD DE APELACION O DE NUEVA AUDIENCIA QUE SEA PRESENTADA ANTES DE LA FECHA DE ENVIO DE LA PRESENTE RESOLUCION, NO SERA CONSIDERADA COMO DEBIDA Y OPORTUNAMENTE PRESENTADA.

SE USTED VA A ENVIAR POR FAX SU APELACION O SOLICITUD DE REAPERTURA LA TWC DEBE RECIBIRLA A MAS TARDAR 14 DIAS POSTERIORS A LA FECHA EN QUE SE LE ENVIO LA DECISION POR CORREO.

SI PRESENTA LA APELACION POR FAX, GUARDE COPIA DE LA TRANSMISION FAX COMO PRUEBA DE HABERLO ENVIADO.

SI PRESENTA SU APELACION EN LINEA, DEBE GUARDAR SU CONFIRMACION COMO PRUEBA DE LA PRESENTACION.

LA TWC USARA LA FECHA EN QUE RECIBAMOS EL FAX O LA FECHA CUANDO SE PRESENTO LA APELACION EN LINEA PARA DETERMINAR SI SU APELACION ES OPORTUNA.

Revised 09/11/2013